# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ADVOCARE INTERNATIONAL, LP | § | |
| | § | |
| v. | § | Civil Action No.  4:17-CV-00194 |
| | § | Judge Mazzant |
| MODERE, INC. | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiff Advocare International, LP's Motion for Leave to File Amended Complaint and Add Parties (Dkt. #8).  Having considered the pleadings, the Court finds the motion should be granted.

### BACKGROUND

On March 22, 2017, Plaintiff filed its Original Complaint (Dkt. #1).  On June 5, 2017, Plaintiff filed the pending motion for leave to file an amended complaint and add parties (Dkt. #8).  On June 19, 2017, Defendant filed a response (Dkt. #10).  On June 22, 2017, Plaintiff filed a reply (Dkt. #12).

On June 28, 2017, the Court entered a scheduling order in this matter (Dkt. #13).  The scheduling order sets the deadline to add parties for June 28, 2017 and the deadline for Plaintiff to file amended pleadings for September 8, 2017 (Dkt. #13).

### LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). After a responsive pleading is served, a party may amend only with the opposing party's written consent or the court's leave. *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule '"evinces a bias in

favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider "whether there has been 'undue delay, bad faith or dilatory motive, . . . undue prejudice to the opposing party, and futility of amendment.'" *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996)).

## ANALYSIS

Plaintiff seeks leave to file an Amended Complaint and Add Parties to add claims against Amber DeLoof and Jessie Lee Ward (Dkt. #8).  Plaintiff states that the additional parties and claims are based on facts discovered through the continuing investigation of this matter (Dkt. #8 at p. 3). Defendant argues the Court should not permit Plaintiff to amend its complaint and add parties because Plaintiff seeks leave to amend due to bad faith and dilatory motive and allowing Plaintiff to amend will prejudice Defendant (Dkt. #10).

Plaintiff filed its motion for leave to file an amended complaint and add parties shortly after the inception of the lawsuit and in advance of the Court entering a scheduling order setting deadlines to add parties and file amended pleadings.  Plaintiff states that it seeks leave to amend based on information obtained through continued investigation of this matter.  The Court does not find that Plaintiff seeks leave to amend to unduly prejudice Defendant, cause undue delay, or in bad faith.  The Court therefore will grant Plaintiff's motion for leave to file an amended complaint and add parties.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Advocare International, LP's Motion for Leave to

File Amended Complaint and Add Parties (Dkt. #8) is hereby **GRANTED**.

**SIGNED this 14th day of July, 2017.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE