# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ADVOCARE INTERNATIONAL, LP | § | |
| | § | |
| v. | § | Civil Action No. 4:17-CV-00194 |
| | § | Judge Mazzant |
| MODERE, INC., AMBER DELOOF, and | § | |
| JESSIE LEE WARD | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Expedited Jurisdictional Discovery and to Continue Response Deadline to Individual Defendants' Motion to Dismiss (Dkt. #22). After reviewing the relevant pleadings, the Court determines the motion should be granted.

### BACKGROUND

On March 22, 2017, Plaintiff AdvoCare International, L.P. ("AdvoCare") sued Modere, Inc. ("Modere"), Amber DeLoof, and Jessie Lee Ward for tortious interference with contract, trade secret misappropriation, and civil conspiracy (Dkt. #1). On June 5, 2017, AdvoCare filed its First Amended Complaint (Dkt. #9). The general allegations in the First Amended Complaint are that Defendants DeLoof and Ward ("Individual Defendants") contacted AdvoCare Distributors to convince them to breach their contract with AdvoCare, and to join Modere, a company that is in direct competition with AdvoCare.

On August 7, 2017, the Individual Defendants filed their Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (Dkt. #20). In the Motion to Dismiss, the Individual Defendants allege, in part, that the Court does not have personal jurisdiction over the Individual Defendants. Subsequently, on August 11, 2017, AdvoCare filed the present motion for jurisdictional discovery (Dkt. #22), and the Individual Defendants responded on August 17, 2017 (Dkt. #24).

**ANALYSIS**

A district court has broad discretion regarding whether to permit a party to conduct jurisdictional discovery. *Wyatt v. Kaplan*, 686 F.2d 276, 283–84 (5th Cir. 1982). The scope of permissible discovery is limited by the relevancy of the inquiry, although relevance is construed broadly in the context of discovery. *Id.* "A plaintiff seeking discovery on matters of personal jurisdiction is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction." *Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC*, No. 4:11-cv-629-A, 2012 WL 104980, at *7 (N.D. Tex. Jan. 11, 2012) (citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F. 3d 841, 855 (5th Cir. 2000)).

Plaintiff argues that it has made a preliminary showing of jurisdiction and the discovery sought will produce relevant information. However, the Individual Defendants argue that AdvoCare did not satisfy their burden to show the requested discovery will produce relevant information to defeat the pending motion to dismiss.

After a review of the pleadings, the Court determines AdvoCare should be entitled to jurisdictional discovery. Plaintiff alleges that the Individual Defendants have specific contacts with Texas. AdvoCare further maintains that it is through these contacts that the Individual Defendants allegedly "recruited AdvoCare's Distributors, . . . assisted them with their resignations from AdvoCare, and assisted them in breaching their contracts by soliciting other AdvoCare Distributors, all while profiting off of [the AdvoCare Distributors'] violations of their agreements with AdvoCare." (Dkt. #22 at 8). Considering the factual allegations above, AdvoCare's assertion that DeLoof and Ward have sufficient contacts with the State of Texas is a "preliminary showing of jurisdiction," such that its jurisdictional allegation can be supplemented thought discovery. *See, e.g.*, *Fielding v. Hubery Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005).

Further, the discovery is likely to produce facts that are needed to withstand Defendants' Motion to Dismiss. *See Monkton Ins. Servs, Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). AdvoCare represented that it is seeking facts that will include the "details of [the Individual Defendants] travel to Texas, including their travel for the Modere conference in Arlington, Texas, and their business contacts in Texas, including the existence of other Texas residents in their Modere business downlines." (Dkt. # 22 at 9). AdvoCare maintains that this will enable it to "discover with whom [the Individual Defendants] met while in Texas and what they discussed with Texas residents." *Id.* Considering the allegations in this case, discovering who the Individual Defendants met with and what they discussed is relevant information to defeat the Individual Defendants' Motion to Dismiss.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Expedited Jurisdictional Discovery and to Continue Response Deadline to Individual Defendants' Motion to Dismiss (Dkt. #22) is hereby **GRANTED**.

Accordingly, it is so **ORDERED** that:

1. Plaintiff shall serve the Individual Defendants with the discovery attached as Exhibits A-B to Plaintiff's Motion no later than two (2) business days from the date hereof.

2. The Individual Defendants shall respond to these Requests for Production no later than fourteen (14) days after the date hereof and present themselves for deposition no later than seven (7) days thereafter.

3. Plaintiff's deadline to respond to the Individual Defendants' Motion to Dismiss is continued until fourteen (14) days after the completion of this discovery.

**SIGNED this 22nd day of August, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE